William Costello, Minor, Edward Costello, His Father and Next Friend, Appellee, v. City of Aurora, Appellant.

Gen. No. 9,277.

Opinion filed April 28, 1938. Rehearing denied June 2, 1938.

CHARLES H. EDWARDS, Corporation Counsel, and CHARLES A. DARLING, Assistant Corporation Counsel, for appellant.

PAINTER & HAYES, of Streator, and WILLIAM J. TYERS, of Aurora, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an action to recover damages from the city of Aurora, a municipal corporation, for an injury received as the result of a cannon ball falling upon the third finger on the left hand of the plaintiff, from a pyramid constructed of concrete into which this cannon ball, together with other similar balls were imbedded and maintained by the defendant in the city of Aurora, as a public park and playground of said city. It is alleged that said pyramid containing the cannon balls was defective; that the city of Aurora knew, or by the exercise of ordinary care and caution, could have known that said pyramid, with said cannon balls, was dangerous and defective, and that the city of Aurora was negligent in its maintenance thereof.

This suit is brought by William Costello, a minor, by Edward Costello, his father and next friend. The complaint consists on one count which charges that the city of Aurora maintained said pyramid in a negligent manner; that while William Costello, and others, was playing near the said pyramid, and was in the exercise of due care and caution for his own safety, one of the cannon balls fell upon his finger and crushed it so that a part of the finger had to be amputated, and that William Costello is permanently injured thereby. The complaint also alleges that the parents of said minor have assigned to him any rights of recovery or interest they may have in said suit. The complaint further alleges that the plaintiff caused to be filed, and did file in the office of the city clerk and corporation counsel of the city of Aurora, a certain notice as is required by law. A copy of said notice is set out in the complaint.

The defendant filed its answer to said petition, which admitted ownership of the park and the maintenance of the pyramid in question, but denies that the said city was guilty of any negligence in permitting cannon balls to become loose or had any knowledge that they were in a dangerous or unsafe condition. The answer denies that William Costello was in the exercise of due care and caution for his own safety while at or near the said pile of cannon balls.

The case was tried before the court without a jury. Evidence was heard on behalf of the plaintiff which shows that the plaintiff, with other children, was playing in the park a game commonly called "follow the leader"; that William Costello was the leader in that play; that the city of Aurora had previously erected a pyramid of concrete in which cannon balls had been placed; that William Costello, as he passed by this pyramid ran his hand along its base, and a cannon ball fell on his hand and crushed his finger; that he was taken to a hospital and a part of his finger was amputated.

At the close of the plaintiff's case the defendant made a motion that the suit be dismissed because there was no notice given to the city of Aurora of the intention of the plaintiff to file a suit, but that notice was given by the father of the plaintiff, and as such did not comply with the statute; that the plaintiff's case had not been established by a preponderance of the evidence, and that there was no showing that the plaintiff was in the exercise of due care and caution for his own safety, or, that the city of Aurora was negligent in maintaining the pyramid of cannon balls.

The court overruled the defendant's motion and found the issues in favor of the plaintiff and assessed his damages at $1,000. It is from this judgment that this appeal is prosecuted.

From an examination of the evidence it discloses that the city of Aurora maintained this pyramid of concrete and cannon balls in one of its public parks and had done so a number of years prior to the accident to the plaintiff in this case. There is testimony which is uncontradicted that the cannon balls had been loose in the concrete for several years and could be lifted out; that it was a common thing for children to play on or near this pyramid, and the employees of the park knew this fact. The evidence further shows that at the time of this accident William Costello was about 10 years old; that he did not go upon the pyramid, but ran by it and touched it with his hand and the cannon ball fell and crushed his finger. It seems to us there is no question but the evidence in this case shows that this pyramid was maintained by the city of Aurora in a dangerous condition, and this child, William Costello, did nothing that an ordinary child of his age would not have done when he was playing by this pyramid of cannon balls. He was playing in a public park of the defendant, where he and other children were accustomed to play, and where he had a right to play. It is our conclusion as far as this record shows that the plaintiff was in the exercise of due care and caution for his own safety; and that the defendant was guilty of negligence which was the proximate cause of this child's injury.

It is next insisted that the court erred in admitting in evidence oral testimony of the assignment from Edward Costello and Etta Costello, parents of William Costello, all of the rights and interest they might have in the case to their child William Costello. Whether the court erred in admitting this evidence it seems to us to be immaterial, as there is no evidence whatsoever in the record of what their right or interest was. There is no claim for any damages except for the injury to William Costello's finger and expense of treatment.

There is no assignment of error that the judgment of the court is excessive. So we cannot see wherein the defendant had been injured by the admittance of this testimony.

It is also insisted that the trial court erred in admitting in evidence the oral opinion testimony of the value of the medical services rendered by the doctor to the plaintiff. It is our conclusion that under the pleadings in this case it was error for the court to admit this testimony, the doctor having testified that he had made a definite charge therefor.

It is next insisted that the suit cannot be maintained because no proof of notice as required by the statute was given to the appellant, the city of Aurora.

In the case of *McDonald v. City of Spring Valley,* 285 Ill. 52, our Supreme Court, in discussing whether a child of tender years was required to comply with the terms of the statute before bringing a suit for personal injuries against a city, used this language: ''The Act is meant to apply only to those who are mentally and physically capable of comprehending and complying with its terms. We are aware, as appellee has pointed out, that in a number of other jurisdictions, a strict construction has been given to similar statutes, and that it has been held in those jurisdictions that it is a matter for the legislature to determine whether there should be any exceptions to such legislation. But in the State of New York, where there is a similar statute, the New York Court of Appeals held that where an infant five years of age was injured by the alleged negligence of a village, its right of action was not barred because it did not file the notice required within the time prescribed by the statute, under the rule that the law does not seek to compel one to do that which he cannot possibly perform, and the failure of a father or mother to file the notice is not chargeable to the infant. In the State of Washington a similar statute

has been construed not to include cases where the person injured was rendered physically and mentally incapable of complying with the statute in the time required, by reason of the extent of his injuries. Common experience tells us that the cases in which the exception to this statute would be applied are very few, and in a great majority of cases there is not such disability as would make compliance with the statute impossible. It would be unreasonable to so construe this statute as to make it appear that the legislature intended in these few cases to require that to be done which is impossible of performance. It cannot be controverted that a minor is incapable of appointing an agent or an attorney, and it cannot be successfully contended that the statute can be complied with by the filing of the required notice by the father, mother or some friend of the child as next friend. While the parent of a minor is its natural guardian, he cannot be said to be the agent or attorney for the child. A child with a meritorious cause of action but incapable of initiating any proceeding for its enforcement will not be left to the whim or mercy of some self-constituted next friend to enforce its rights. The declaration discloses that the appellant was mentally and physically incapable of giving the notice required by the statute, and she did not, therefore, come within the provisions of this statute as properly construed.''

We think this language applies to the plaintiff in this case, as a child 10 years old, should not be held to the strict rule in giving notice as required of an adult.

In the case of *Doerr v. City of Freeport,* 239 Ill. App. 560, a case brought by a boy 12 years old against the city of Freeport for personal injuries, it was held by the court that it was not necessary to offer proof on the trial of the case a compliance with the statutory provision with reference to giving notice to the city of the intention of the plaintiff to bring suit.

The appellant seriously insists that in the operation and maintenance of the park in question, the city was acting in its governmental functions of a municipal government and that the appellant is not liable for the injury to the appellee. Whether the appellant was acting in its governmental or private capacity in maintaining this pyramid of concrete and cannon balls in the park is difficult to determine, as there is no set rule governing such matters, but as has been frequently stated, both by our Appellate Court and Supreme Court, each case must be governed by the facts of that particular case. The rule governing such cases is stated clearly in the case of *Roumbos v. City of Chicago,* 332 Ill. 70, and in part is as follows: "Cities become incorporated by the voluntary act of their inhabitants, for the benefit of the territory incorporated and the people residing within the corporation. By their incorporation they receive certain powers and privileges and assume certain duties and obligations. So far as they are exercising these privileges and duties in the interest of the general public (the people of the state at large) they represent the sovereignty of the state and are not liable for the negligence of their officers and agents in the performance of such duties, but so far as their acts concern merely the interest of the particular locality and its inhabitants they are responsible, the same as private corporations. The legislature has the power, within constitutional limitations, to determine to what extent the city shall be liable for injuries negligently committed by its officers and agents in the exercise of its powers. 'The rule of law is a general one that the superior or employer must himself respond civilly for the negligence or want of skill of his agent or servant in the course or line of his employment by which another, who is free from contributory fault, is injured.' (2 Dillon on Municipal Corporations, sec. 968.) The application of this rule to munici-

pal corporations in cases of torts by their employees and servants tends more to the securing of justice than the release of the corporations from the results which follow for private corporations or individuals.'' It is our conclusion that the city of Aurora in maintaining the pyramid in question was acting in its private corporate capacity and liable for its negligence in not keeping and maintaining the pyramid in a reasonably safe condition.

The appellant has not assigned as error that the judgment is excessive. The usual rule is that in such cases the amount of the judgment will not be disturbed by a court of review. In this case the court took into consideration the fact that the doctor's bill was $50, and as we have stated in this opinion, this evidence was not competent and the $50 should not be included in the judgment.

It is therefore ordered that the appellee file a remittitur of $50 in this court within 30 days from the filing of this opinion; that if the remittitur is so filed within said time, then the judgment be affirmed for $950. If said remittitur is not filed within said time, then the case is hereby reversed and the case remanded to the trial court for a new trial.

*Affirmed if remittitur filed.*