## Parks, Appellant, *v.* Clarion Borough.

Argued March 20, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*H. Ray Pope, Jr.,* for appellant.

*Luther C. Braham,* with him *R. R. Whitmer, Merritt H. Davis, Richard B. Kirkpatrick,* and *Galbreath, Braham, Gregg, Kirkpatrick & Jaffe,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, April 21, 1958:

The court below dismissed the petition of Harry M. Parks, appellant, for leave to file a complaint in trespass against the borough for damages for injuries sustained through the borough's negligence. The court's action was based on appellant's failure to give notice to the borough as required by the Act of 1937, P. L. 2547, 53 PS §5301.[1]

The plaintiff alleged that he was injured as he fell at a crosswalk on an alley in Clarion borough; that a downspout from the adjacent building allowed water to go over the crosswalk, causing ice to form; and that as a result of his fall his hip was broken and he was hospitalized in the Brookville Hospital and the Veterans' Hospital at Erie.

The accident was witnessed by William Jones, a part-time employe of the borough, who saw plaintiff

---

[1] This Act provides: ". . . any person . . . claiming damages from any . . . borough . . . arising from the negligence of such municipality, . . . shall, within six (6) months from the date of the origin of such claim . . . file in the office of the clerk . . . a notice in writing of such claim, . . . . No cause of action may be validly entered of record where there was a failure to file such notice within the time required . . ., *except leave of court to enter such action upon a showing of a reasonable excuse for such failure . . . shall first have been secured.*" (Italics supplied).

fall on the alley and carried him to the doctor's office adjacent thereto. Within two or three weeks thereafter, Jones reported to William Shingledecker,—who then and on the date of the accident was the borough street commissioner,—that he had seen the accident; and he explained it to him. Shingledecker acknowledged to Jones that he knew about the accident, and that he also knew that plaintiff had been hospitalized as a result.

Some time after the accident, but before the expiration of six months and while plaintiff was in the hospital at Erie, plaintiff's wife met the Clarion County district attorney in the courthouse. She told him that she could not pay the hospital bills herself, and asked him what should be done. He gratuitously advised her not to "put in a bill" to the borough until plaintiff returned home; and stated to her that plaintiff would have a year within which to present it to the municipality. Mrs. Parks relied upon this conversation and, while the year was elapsing, did nothing. None of the foregoing has been controverted by defendant.

The mere circumstance that the attorney's advice was gratuitously given does not affect plaintiff's status. It must be realized that district attorneys in smaller counties are constantly called upon gratuitously to advise people on non-criminal matters. These district attorneys heed such requests. This case stands as though the district attorney had been employed and paid.

We declared in *Zack v. Saxonburg Borough,* 386 Pa. 463, 465, 126 A. 2d 753: " 'In enacting the statute the legislature clearly intended to provide municipalities with a safeguard against the loss of an opportunity to make timely investigation and thus avoid the difficulty of defending against stale and fraudulent claims.' " Proof of this intent, and that the written

notice was not intended as a condition precedent to suit, is readily seen in the further provision that by leave of court such suit may be entered even though such notice has not been filed. It is to be noted also that in the *Zack* case those having knowledge of the accident were the township commissioners.

In *McBride v. Rome Township,* 347 Pa. 228, 32 A. 2d 212, a case where the plaintiff had obtained counsel who did not know of the Act of 1937, supra, and therefore did not give notice to the municipality, we held that the negligence of counsel was a good excuse, and reversed the action of the court below denying relief to the plaintiff. The instant case calls for the same relief.

Considering the undenied testimony that plaintiff's wife had relied upon the attorney's advice, and that there is nothing to indicate that the municipality has been, or will be, harmed by the failure to file notice within the six months period, we are of the opinion that "reasonable excuse" for non-compliance with the Act was shown.[2]

Reversed; and record remitted with instructions to the court below to enter an order granting leave to plaintiff to file complaint in trespass.

---

[2] We may add that the plaintiff strongly claims that the defendant borough was insured, and cites a copy of letter written by the plaintiff's attorney to the borough. The defendant claims that this letter was not offered in evidence, although a copy is attached to the record of the testimony. Regardless of that fact, we venture the opinion that the better way to try these cases is for the plaintiff to file a complaint, and then when defendant makes an appropriate motion that the Act is not complied with, to go into the matter of whether the municipality is insured. See *Badger v. Upper Darby Township,* 348 Pa. 551, 36 A. 2d 507.