476

Dubin *v.* Southeastern Pennsylvania Transportation Authority, Appellant.

Argued June 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING and CERCONE, JJ.

*John M. Fitzpatrick*, with him *Dilworth, Paxson, Kalish, Levy & Coleman*, for appellant.

*Arthur W. Hankin*, with him *Meyer, Lasch, Hankin & Poul*, for appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

This case is an action in Trespass to recover damages for personal injuries allegedly sustained by appellee on November 9, 1968, while attempting to debark from a bus operated by appellant. On May 16, 1969, six months and seven days after the accident, appellee sent adequate notice of her injury to appellant. Appellant thereafter commenced an investigation of the accident, including an examination by its own doctor and statements from appellee's attending physicians. No witnesses to the accident were discovered.

Subsequently, appellant filed an Answer to the complaint alleging by way of defense that appellee's action was barred by Section 2036 of the Metropolitan Transportation Authorities Act of 1963.[1] Appellee's Reply denied the applicability of §2036, and interposed a Motion for Partial Summary Judgment to test the validity of that defense as a matter of law. The lower court granted this motion, allowing the case to proceed to trial.

Appellee argues that §2036 does not bar her action because she substantially complied with its provisions and appellant was not prejudiced by any untimeliness

---

[1] The Act of August 14, 1963, P. L. 984, 66 P.S. §2036 reads, in part as follows: "Within six months from the date that any injury was received . . . any person who is about to commence any civil action in any court against the authority for damages on account of any injury to his person shall file in the office of the secretary of the board and also in the office of the chief counsel for the authority . . . a statement in writing . . . giving the name of the person to whom the cause of action has accrued, the name, and residence of the person injured, the date, and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any. *If the notice provided for by this section is not filed as provided, any civil action commenced against the authority more than six months after the date of injury, shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing.*" (Emphasis supplied.)

in the notification. Appellant contends that the Act absolutely bars any action where notice is not filed within six months from the date of the accident. We agree with the lower court that appellee's position is more reasonable and meritorious.

The purpose of a notice requirement such as §2036 is to provide the defendant with the opportunity to make timely investigation and avoid the difficulty of defending against stale and fraudulent claims. Cf. *Zack v. Saxonburg Borough,* 386 Pa. 463, 126 A. 2d 753 (1956). Thus, cases which have construed the Pennsylvania statute which provides that notice of an accident must be filed within six months in order to maintain an action against a municipality[2] have emphasized that the determination of lack of timeliness must give significant consideration to any "undue hardship" which the municipality may have suffered. Cf. *Yurechko v. Allegheny Co.,* 430 Pa. 325, 243 A. 2d 372 (1968); *Parks v. Borough of Clarion,* 392 Pa. 265, 140 A. 2d 448 (1958). Although that act provides for late filing upon "reasonable excuse", the purpose of the act clearly has been furthered by the liberality with which the courts have considered such excuses.

As noted in the very able opinion of Judge BRADLEY in the court below, "[t]he defendant's contention that Section 2036 must be rigidly construed totally ignores

---

[2] "Hereafter any person, . . . claiming damages from any . . . . municipality, arising from the negligence of such municipality or any employee thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. . . . No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured." Act of July 1, 1937, P. L. 2547, §1, 53 P.S. §5301.

the statute's purpose. While the statute imposes a six month notice requirement upon the right to bring an action against the defendant, it is not a statute of limitations. It must be reasonably applied to effectuate its purpose and not to needlessly strike down just claims. . . . The position urged by the defendant that the late notice here bars this suit is harsh. There is no question that the plaintiff has substantially complied with the provisions of Section 2036. The notice was sent only one week beyond the sixth month time period and gave the defendant ample opportunity to conduct a full investigation. The defendant was not prejudiced by the delay in notice and the purpose of Section 2036 was fully promoted. Dismissal of the suit under these circumstances would merely exalt form over substance." This position is in accord with cases from other jurisdictions with similar statutes.[3]

The order granting appellee's motion for partial summary judgment is affirmed.

---

[3] See, e.g., *Maier v. City of Ketchikan*, 403 P. 2d 34 (Alaska 1965); *Colorado Springs v. Colburn*, 102 Colo. 483, 81 P. 2d 397 (1938); *Costello v. City of Aurora*, 295 Ill. App. 510, 15 N.E. 2d 38 (1938); *Lazich v. Belanger*, 111 Mont. 48, 105 P. 2d 738 (1940).