Opinion by
Hoffman, J.,
This is appeal from the order of the court below denying appellant’s motion for summary judgment.
On December 1, 1968, appellee was injured when he lost control of his automobile. Appellee has alleged in the complaint that the accident was caused by negligently maintained trolley tracks which were owned and maintained by appellant. Appellant had no knowledge of the accident until December 17, 1970, when it was served with a summons over two years after the alleged incident occurred.[1]
Section 36 of the Metropolitan Transportation Authorities Act, 66 P.S. §2036, requires that “[wjithin *253 six months from the date that any injury was received . . . any person who is about to commence any civil action in any court against the authority for damages on account of any injury to his person shall file in the office of the secretary of the board and also in the office of the chief counsel for the authority ... a statement in writing . . . giving the name of the person to whom the cause of action has accrued, the name, and residence of the person injured, the date, and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any.” If this requirement is not met, the Act provides that the action against the authority “shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing.”
In the instant case appellant was not notified of the accident for more than two years after it occurred. Appellant, therefore raised the defense that appellee’s failure to comply with the provisions of Section 36 of the Metropolitan Transportation Authorities Act operated as an absolute bar to the further prosecution of appellee’s suit and required the court to dismiss the action. Appellant filed a motion for summary judgment which was denied by the lower court. The lower court has filed an opinion indicating that the motion for summary judgment was denied because appellant had not shown that it had been prejudiced by appellee’s failure to comply with the Metropolitan Transportation Authorities Act.
Appellee did not file a brief in this Court, nor did he participate in oral argument. Appellee’s attorney authorized appellant’s counsel to inform our Court that appellee would not object to a “decree being entered” in appellant’s favor. We have reviewed the Metrópoli *254 tan Transportation Authorities Act, and we believe that the order of the lower court must be reversed.
The lower court cited and relied upon our Court’s decision in Dubin v. Southeastern Pennsylvania Transportation Authority, 219 Pa. Superior Ct. 476, 281 A. 2d 711 (1971). In that case we held that where an injured party had notified SEPTA six months and seven days after the accident, the Metropolitan Transportation Authorities Act Avould not bar the plaintiff’s action because plaintiff had substantially complied Avith the Act’s provisions. Quoting the lower court, we specifically noted in Dubin that “‘[t]he notice was sent only one week beyond the six month time period and gave the defendant ample opportunity to conduct a full investigation.’ ”
In the instant case notice was not given for more than two years after the accident occurred. This cannot be construed as “substantial compliance” Avith 66 P.S. §2036. Appellant would not have the burden of shoAving prejudice under these circumstances.
Therefore, the order of the lower court denying appellant’s motion for summary judgment is reversed and appellant’s motion is granted.

 This action was commenced by appellee by the filing of a praecipe for the writ of summons on November 30, 1970, one day before the Pennsylvania statute of limitations had run.