577 P.2d 1168

**Vickee LARSON, Plaintiff-Appellant,**

v.

**EMMETT JOINT SCHOOL DISTRICT NO. 221, Defendant-Respondent.**

**No. 11975.**

Supreme Court of Idaho.

April 26, 1978.

E. Don Copple of Davison, Copple & Copple, Boise, for plaintiff-appellant.

Phillip M. Barber of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendant-respondent.

BISTLINE, Justice.

In this cause we are asked by Larson to reconsider *Newlan v. State* and *Agost v. State*, 96 Idaho 711, 535 P.2d 1348 (1975), and declare Idaho's Notice of Claim Statute violative of the constitutional guarantees of due process and equal protection of the law. Alternatively, we are asked to reverse a summary judgment entered in favor of the School District and remand for a jury resolution on the summary judgment issue as to when Larson should reasonably have discovered her claim.

Although our recent decision in *Jones v. State Board of Medicine*, 97 Idaho 859, 555 P.2d 399 (1976), raised some thought of reaching and passing upon the merits of the recurring constitutional challenges to this statute, a majority of the Court are not agreed to do so, especially where our holding on the propriety of the entry of the summary judgment requires a reversal with directions.

On May 4, 1973, plaintiff-appellant Vickee Larson, at that date of the age of 22 years, was injured when an oncoming car operated by Alice Koskella Greenfield crossed into Larson's lane and collided with her vehicle. According to Larson's claim, Greenfield admitted that she was a school district employee on school district business at the time of the accident. Larson sustained an impact fracture of the left hip

joint and, on May 5, 1973, underwent an open reduction operation at St. Alphonsus' Hospital where she remained hospitalized until May 13, 1973.

Larson filed her claim against the School District on September 25, 1973, some 145 days after the accident. The claim was denied and this suit followed. Respondent School District moved for summary judgment on November 15, 1974, on the grounds that Larson's claim was not timely filed in accordance with the provisions of the Idaho Tort Claims Act, I.C. § 6–906.[1] The trial court heard arguments on the motion and took the matter under advisement pending release of this Court's opinion in the consolidated cases of *Newlan v. State* and *Agost v. State, supra.* On the same day that an opinion issued in those cases, April 30, 1975, the trial judge wrote a letter decision holding that *Newlan* and *Agost* were here controlling and required a ruling "that the State is not liable unless notice has been given within the 120 days as provided by the statute."

On May 5, 1975, Larson moved the court to reconsider its letter decision on the grounds that she had been "physically infirm and incapacitated during most of the 120 days allowed by law." Larson's supporting affidavit stated that she was confined to bed during the entire month following her accident except to attend her graduation from Boise State College on May 20, 1973; that during the month of June she remained at home except for attendance at a Boise State College class and for evening therapy treatments; and that it was not until mid-September that she was again able to walk, at which time she contacted her attorney and immediately thereafter filed her claim against the School District.

The trial court heard arguments on the motion to reconsider and, on June 16, 1975,

---

1. I.C. § 6–906, as it read at the time of the hearing below, states:

Filing Claims Against Political Subdivision—Time. All claims against a political subdivision arising under the provisions of this act shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred twenty (120) days from the date the claim arose or reasonably should have been discovered, whichever is later.

issued a memorandum decision denying appellant's motion. On June 25, 1975, Larson filed an appeal from that decision and from the court's earlier grant of the School District's motion for summary judgment.[2]

On August 12, 1975, this Court handed down its decision in the case of *Independent School District of Boise City v. Callister,* 97 Idaho 59, 539 P.2d 987. Arguing that language in *Callister* supported her argument that incapacity may excuse compliance with notice of claim requirements, Larson brought a further motion to reconsider. The trial court denied this motion because Larson's appeal from entry of final judgment deprived the trial court of any further jurisdiction over the case. This appeal followed.

In ruling on Larson's first motion to reconsider, the district court stated correctly that the question of whether an "injured party was excused from giving notice of claim within the required time because of disability resulting from the accident" was one of first impression in Idaho. Faced with a split in authority, he opined that this Court would adopt an unyielding approach and held "that the notice requirement is mandatory" and "that no excuses should be allowed." It should be noted that our opinion in *Callister* had not yet been released at the time of his ruling. In that opinion, we distinguished the Idaho Tort Claims Act from the more restrictive provisions of the parallel act in Washington as interpreted by that state's highest court:

> The Idaho statute has given greater consideration to disability than has the Washington statute and is more liberal in that regard. Therefore we are not re-

quired to apply a strained construction to our statute.

97 Idaho at 62, 539 P.2d at 990. We concluded that minority and incapacity are two factors which must be considered in deciding when a claim reasonably should have been discovered and accordingly remanded for further proceedings.

Respondent school district argues that, even in light of *Callister,* a summary judgment was properly granted in this case because, as a matter of law, Larson's condition did not amount to an "excusing incapacity." Reliance is placed, first, on I.C. § 6–907 which states:

> If the claimant is incapacitated from presenting and filing his claim within the time prescribed or if the claimant is a minor or if the claimant is a nonresident of the state and is absent during the time within which his claim is required to be filed, the claim may be presented and filed on behalf of the claimant by any relative, attorney or agent representing the claimant.

Respondent argues that this language should be interpreted to require that so long as the claimant was alert enough to deal with parties around her and so long as one of those parties ("any relative, attorney or agent") was educated enough to file on her behalf, such an alternative filing process is mandatory. In particular, respondent points to the fact that Larson was approached by and dealt with another insurance agent even while she was in the hospital[3] and that during the relevant time frame her father was at home with her and

---

2. On August 7, 1975, the trial court granted Larson's motion that its order be made final as to the School District (Larson had also joined the car manufacturer as a defendant in the suit), and made the certification for appeal as required by I.R.C.P. 54(b).

3. Indicative of the legislative frame of mind as to whether an accident victim should reasonably be "doing business" with regard to his legal rights and claims arising out of a personal injury suffered in the accident, we have the benefit of I.C. § 29–113, which provides:

29–113. Release for personal injury.—Any agreement entered into by any person within fifteen (15) days after he incurs a personal injury, which may adversely affect his right to be compensated for such injury, may be disavowed by such injured person within one (1) year after the making of the agreement. No agreement disavowed may be introduced as evidence in any subsequent court or administrative proceeding.

could have filed on her behalf.[4] We disagree and are not inclined so to interpret the provisions of the Idaho Tort Claims Act, I.C. § 6–907, which merely provides another acceptable alternative method of compliance. We do not perceive it as imposing upon claimant the additional burden of proving that she was too incapacitated to communicate with those around her or was totally isolated from and bereft of any supporting friends or relatives. Any language in *Callister* which might lend itself to such an interpretation is expressly disapproved.

 Respondent also argues, again as a matter of law, that the nature of Larson's incapacity was not such as could be considered an "excusing incapacity." Respondent's brief suggests that we adopt the minority rule of those jurisdictions which hold that in order to be excused from a timely filing of notice the claimant's mental or physical incapacity

> must be so great as to render it *impossible* for the injured person to make the claim or to have the claim made for him within the statutory period. (Emphasis added.)

Such jurisdictions would hold that unless the claimant is unconscious or hospitalized for the entire statutory notice period, he is not sufficiently incapacitated to be excused from compliance with the filing requirement. *See* for example, *Randolph v. Springfield*, 302 Mo. 33, 257 S.W. 449 (1923); *Terrell v. Washington*, 158 N.C. 281, 73 S.E. 888 (1912). We decline to adopt the rule of those early cases. The better approach, it seems to us, is one which directs a jury, on a case by case basis, to determine first if the incapacity is sufficient to excuse compliance, and secondly how long the claimant's physical and mental incapacity served to toll the beginning of the 120–day statutory period for filing notice. *See Maier v. Ketchikan*, 403 P.2d 34 (Alaska 1965); *Colorado Springs v. Colburn*, 102 Colo. 483, 81 P.2d 397 (1938); *Toop v. Metropolitan Dade Co.*, 151 So.2d 69 (Fla.App.1963); *Kunkel v. St. Louis*, 349 Mo. 1121, 163 S.W.2d 1014 (1942); *Braunstein v. City of N.Y.*, 272 App.Div. 1060, 74 N.Y.S.2d 391 (1947); *Dubin v. Southeastern Penn. Transp. Auth.*, 219 Pa. Super. 476, 281 A.2d 711 (1971); *Burkard v. City of Dell Rapids*, 76 S.D. 56, 72 N.W.2d 308 (1955).

 It should be noted that we do not depart from *Callister*; we hold only that the giving of notice within a reasonable time, not exceeding 120 days after removal of the incapacity, is a compliance with the statutory requirement. Such a question raises genuine issues as material facts which, by their very nature, are inappropriate for determination on a motion for summary judgment and which are properly reserved for jury determination. *Trosper v. Raymond & Doe & Canyon Co.*, 577 P.2d 33 (Idaho 1978). The judgment of the district court is, therefore, reversed and the cause remanded for further proceedings.

Reversed and remanded. Costs to appellant.

SHEPARD, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.

---

4. Larson's father was at home because he is permanently disabled. During the summer of 1973 while Larson was recuperating, her mother was likewise seriously ill and hospitalized on more than one occasion. We note also the distinction between the relationship of a father and an emancipated daughter, and that of a father and his minor child.