**P.P.&J. Inc. v. Leupold**

C.P. of Lehigh County, no. 93-C-553.

*Charles Bruno,* for plaintiffs.
*Mark H. Scoblionko,* for defendant Leupold t/a Business Insurance Specialists.
*Gary A. Brienza,* for defendants West American Ins. Co. and Ocasco Budget Inc.

DIEFENDERFER, *P.J.,* February 27, 1996—The matter before the court is defendant's, Jonathan B. Leupold t/a Business Insurance Specialists, motion for partial summary judgment. Defendant seeks summary judgment on the issue of whether the insurance policy which

is the subject of plaintiffs' complaint was effectively canceled.

Plaintiff, Holiday Fashions Inc., was in the business of clothing and sportswear manufacturing and was the lessee of a building in which its manufacturing plant was located. Plaintiff, P.P.&J. Inc., was the owner of the building in which plaintiff Holiday Fashions' plant was located, and leased the building to Holiday Fashions.

On or about June 19, 1991, defendant, Jonathan B. Leupold t/a Business Insurance Specialists, which conducts business as an insurance agent, issued a policy of insurance to both Holiday Fashions and P.P.&J. whereby defendant, West American Insurance Co., would provide casualty loss coverage for plaintiff Holiday Fashions' business enterprise and plaintiff P.P.&J.'s building.

Thereafter, on or about October 8, 1991, both plaintiffs entered into a financing agreement with defendant, Ocasco Budget Inc., an insurance premium finance company, whereby defendant Ocasco would pay the insurance premiums due under the West American policy on behalf of both plaintiffs and both plaintiffs would repay the amount of the premium in monthly installments. The agreement also provided that by entering into the financing agreement, plaintiffs, as the insureds, appointed defendant Ocasco as attorney-in-fact with the authority to cancel the insurance policy upon default in payment of any installment.

Subsequently, on or about January 21, 1992, plaintiff P.P.&J.'s building and plaintiff Holiday Fashions' business therein suffered water damage as a result of an allegedly defective water sprinkler. Both plaintiffs gave notice of their claim to West American; however, West American refused to pay the claim on the grounds that

the policy had been effectively canceled prior to the date of the loss. Consequently, on March 25, 1993, plaintiffs filed a complaint against West American, Leupold t/a Business Insurance Specialists and Ocasco. Plaintiffs' complaint alleges that defendant West American breached its contract with plaintiffs by failing to pay the plaintiffs' claim, that defendant Leupold was negligent in failing to inform plaintiffs of the impending cancellation of their policy and failing to inform West American and Ocasco that plaintiffs had paid the necessary premium and that defendant Ocasco negligently instructed defendant West American to cancel plaintiffs' policy even after Ocasco received the premium payment due under the financing agreement.

Subsequently, on February 6, 1995, plaintiffs were granted leave to amend their complaint to add various factual allegations, to add a claim for bad faith against defendant West American and to add a claim for breach of contract against defendant Leupold. Thereafter, various pleadings were exchanged between all of the parties, and upon conclusion of the pleadings, defendant Leupold filed the present motion for partial summary judgment.

Defendant Leupold argues that it is entitled to partial summary judgment since there is no genuine issue of material fact as to whether the insurance policy was properly canceled. Defendant asserts that if the policy was never properly canceled and continued in full force and effect, defendant West American would be required to pay the plaintiffs' claim, thus relieving defendant Leupold of liability. Defendants West American and Ocasco Budget argue in response that the policy was properly canceled and, therefore, a genuine issue of material fact remains as to defendant Leupold's liability in causing the cancellation of the policy. Plaintiff joins

in the motion for partial summary judgment of defendant Leupold.

The Pennsylvania Supreme Court in *McConnaughey v. Building Components Inc.,* 536 Pa. 95, 637 A.2d 1331 (1994), stated the standard for summary judgment as follows:

"Summary judgment is granted properly when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). Summary judgment is appropriate only in those cases which are clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 370, 562 A.2d 279, 280 (1989). The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991)." *Id.* at 98, 637 A.2d at 1333.

Furthermore, the court must accept as true all well-pleaded facts in the non-moving party's pleadings, as well as, give him or her the benefit of all reasonable inferences drawn therefrom. *O'Neill v. Checker Motors Corp.,* 389 Pa. Super. 430, 434, 567 A.2d 680, 682 (1989). Finally, the burden is on the moving party to prove the non-existence of any genuine issue of material fact. *Lyman v. Boonin,* 535 Pa. 397, 404, 635 A.2d 1028, 1032 (1993).

In its motion for summary judgment, defendant Leupold seeks to establish the following: plaintiffs failed to pay the December 19, 1991 installment due under the finance agreement; on January 3, 1992, defendant Ocasco sent plaintiffs a "notice of intent to cancel"

which provided that if the overdue December installment was not paid within 15 days of the date of the notice, the insurance policy would be canceled; plaintiffs forwarded the installment to Ocasco on January 17, 1992; pursuant to the Statutory Construction Act, 1 Pa.C.S. §1908, plaintiffs had until January 20, 1992 at 11:59 p.m. to make the payment, since January 18, 1992, which is the date that the 15 day period provided in the notice would expire, was a Saturday; the check sent by plaintiffs was received and cashed by Ocasco on January 20, 1992; according to 40 Pa.C.S. §3403(a)(3)(ii),[1] the insurer is required to provide notice to an insured 15 days prior to cancellation of the policy to allow the insured to cure any default; an insurer's failure to comply with 40 Pa.C.S. §3403 results in continuation of the policy; defendant West American did not allow plaintiffs 15 days to cure the delinquency and, therefore, the policy was not properly canceled; and the policy could not be canceled on account of plaintiffs' failure to pay the January 19, 1992 installment since the same 15 day notice would have been required but was not provided.

The factual allegations supporting defendant Leupold's motion, however, are set forth in defendant's motion and in documents attached to the motion rather than in the pleadings themselves and, therefore, are not properly considered on a motion for summary judg-

---

1. An examination of section 3403(a)(3)(ii) raises doubt as to whether that is the applicable section. Section 3403 requires a casualty loss insurer to give 60 days notice prior to a midterm cancellation of the policy and subpart (a)(3)(ii) provides an exception to the 60 day notice requirement where the insured has made a misrepresentation. Whereas, section 3310 of the Insurance Premium Finance Company Act, which may apply to defendant Ocasco, imposes a requirement of 15 days notice prior to cancellation of a policy.

ment. *Irrera v. SEPTA,* 231 Pa. Super. 508, 514, 331 A.2d 705, 707 (1974). According to Pa.R.C.P. 1035(a) the moving party may only rely on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits. Defendant has not filed any affidavits and does not rely on depositions, answers to interrogatories or admissions. Furthermore, a careful review of the pleadings reveals that the only allegation relied on by defendant which appears in the pleadings is the fact that plaintiffs sent their payment on January 17, 1992 and it was received by Ocasco on January 20, 1992. Nowhere in the pleadings is it alleged that Ocasco sent the notice on January 3, 1992 or that the notice gave plaintiffs 15 days to cure the delinquency. In fact, plaintiff denied ever even receiving such a notice.

Although documents attached to an affidavit may be considered on a motion for summary judgment, the affiant must have firsthand knowledge of the contents of the documents. For example, in *Irrera,* the court observed that all papers in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to [attest] to [those] matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto [and] served therewith." *Id.* at 514, 331 A.2d at 707 (quoting Pa.R.C.P. 1035(d)). The court in *Irrera* concluded that since exhibits attached to the answer to the motion for summary judgment were not sworn to or otherwise in compliance with Rule 1035, they were not properly before the court. *Id.;* see also, *Kerns v. Methodist Hospital,* 393 Pa. Super. 533, 538, 574 A.2d 1068, 1071 (1990). Similarly, the documents and factual allegations

relied upon by defendant Leupold in this matter are not of record and are not sworn to and, therefore, cannot be properly considered by this court. Consequently, defendant has not shown that the "pleadings, any depositions, answers to interrogatories, admissions on file and supporting affidavits" show that there is no genuine issue of material fact and defendant Leupold's motion for partial summary judgment will be denied.

## ORDER

Now, February 27, 1996, upon consideration of defendant's, Jonathan B. Leupold t/a Business Insurance Specialists, motion for partial summary judgment, defendants', West American Insurance Co. and Ocasco Budget Inc., and plaintiffs', P.P.&J. Inc. and Holiday Fashions Inc., answers thereto, briefs of the parties and after argument, it is hereby ordered that defendants' motion is denied.