369 A.2d 746
**George A. LANDIS, Appellant,**
v.
**CITY OF PHILADELPHIA.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1976.

Decided Nov. 22, 1976.

516

William L. Keller, Philadelphia, for appellant.

H. Abramson, Philadelphia, with him James M. Penny, Jr., Assistant City Solicitor, Philadelphia, for appellee.

JACOBS, Judge:

This is an appeal from an order of the court below dismissing appellant's negligence action against the City of Philadelphia. The trial court based its ruling on the fact that appellant failed to file a timely reply to appellee's answer, in which, under the heading of new matter, appellee averred that appellant had not given the city the required notice of claim [1] and that appellant's action was therefore barred. While it is clear that under Pa.R.C.P. No. 1045(b), appellant, by failing to reply to the new matter, admitted the fact that appellee was not notified of the claim within six months after the alleged incident, we do not believe that this fact alone warranted the dismissal of appellant's claim without additional findings by the trial judge. Consequently, we reverse.

Appellant's cause of action arose out of an accident on November 19, 1969, at which time he allegedly fell and injured himself while walking along a path, owned and controlled by appellee, which appellant contends was maintained in a defective condition. Appellant did not retain counsel until June 27, 1970, more than one month after the six month notice period had expired. On June 30, 1970, appellant's counsel served written notice of the claim on appellee. The complaint was filed on August

1. Act of July 1, 1937, P.L. 2547, § 1, 53 P.S. § 5301 (1972), provides:
   "Hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validity entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

518

14, 1970. On April 9, 1971, following an extension of time, appellee filed the answer in which it was averred that appellee had not received timely written notice of the claim, and that the action was therefore barred.

Two years passed, during which time both parties submitted and answered interrogatories. Finally, on April 30, 1973, appellant replied to the new matter, but pursuant to appellee's objections, the reply was stricken for lack of timeliness. A subsequent petition for leave to file a reply to new matter was similarly denied. The case went to arbitration, resulting in a decision in favor of the City of Philadelphia, appellee. Appeal was taken to the Court of Common Pleas, at which time Judge LORD, after reviewing the pleadings, dismissed the action. This appeal followed.

■ Appellant argues that his failure to reply in a timely manner to appellee's new matter resulted only in admission of the fact that notice had not been given within the six month period, but was not an admission of appellee's contention that the action was consequently barred. We agree with this argument inasmuch as failure to file a responsive pleading where required results only in the admission of factual averments, not legal conclusions. Pa.R.C.P. No. 1029.

■■ The issue then, is whether or not the sole fact that the Act of 1937 [2] was not strictly complied with by appellant warranted dismissal of the complaint without additional findings by the trial judge. In resolving this matter, we must look at the rationale behind the Act of 1937. Our Supreme Court has said that the purpose of the statute requiring that a municipality be notified of a claim against it within six months of the date of the accident or the complained of negligence is that it " . . . serves as a shield by which municipal governments might protect themselves against claims of those who have tar-

2. Act of July 1, 1937, P.L. 2547, § 1, 53 P.S. § 5301 (1972).

ried so long that they have made it insurmountably difficult for the municipality to conduct a proper investigation into the circumstances of the accident. . . ." *Yurechko v. County of Allegheny*, 430 Pa. 325, 332–33, 243 A.2d 372, 377 (1968).

■■ It has generally been held that statutes such as this one should not be applied as rigorously as a statute of limitations, *Dubin v. Southeastern Pennsylvania Transportation Authority*, 219 Pa.Super. 476, 281 A.2d 711, *allocatur refused*, 219 Pa.Super. xxxvii (1971), and we have taken the consistent view that "[t]his Act is to be construed as far as possible so as not to change or impair rights, liabilities or principles of law as they existed prior to its enactment. . . ." *Lutz v. Scranton*, 140 Pa.Super. 139, 143, 13 A.2d 121, 123, *allocatur refused*, 140 Pa.Super. xxxvii (1940). Also, it is clear that as compared to a statute of limitations which bars the right to bring the action, the Act of 1937 provides an affirmative defense to recovery, but does not affect the right to bring the suit. *Yurechko v. County of Allegheny*, supra; *Zack v. Saxonburg Borough*, 386 Pa. 463, 126 A.2d 753 (1956).

■■ In light of the foregoing, the courts of this Commonwealth have become extremely hesitant to deny a claimant his day in court based on his failure to strictly comply with the notice requirements of the Act of 1937, unless that failure has resulted in the violation of the interests which the Act was meant to protect. Our Supreme Court in *Yurechko v. County of Allegheny*, supra, articulated a two-pronged test to be used when applying the Act of 1937. The elements of the test are, (1) whether or not there is a reasonable excuse for failure to strictly comply with the statute, and (2) whether or not the complainant's failure to strictly comply worked an undue hardship on the municipality. Clearly, mere pleading the noncompliance with the Act of 1937 is not

sufficient to establish this affirmative defense, since "[t]o avail itself of this defensive shield, the municipality must show not only that the claimant failed to file written notice of his claim within the six months period, but, further, that, as a result of his tardiness, the municipality has been unduly pressed to delve into the circumstances of the case and is unable to discover properly the events and conditions which led to the mishap and has *thus* suffered *undue hardship.* . . . " *Id.,* 430 Pa. at 333, 243 A.2d at 377.

We have also held, while applying a statute very similar to the one before us,[3] that the determination that an action should be barred for failure to comply with the notice statute must be coupled with a consideration of what if any prejudice resulted to the defendant. *Dubin v. Southeastern Pennsylvania Transportation Authority,* supra.

■ ■  Thus we cannot agree with appellee's argument that appellant was required to place the issue of reasonable excuse directly before the court prior to proceeding with his action. While that would have been an acceptable procedure, it clearly is not a mandatory one under the holding of *Yurechko v. County of Allegheny,* supra. For us to so hold would be contrary to the spirit and purpose of the Act of 1937. By attempting to avail itself of this affirmative defense, appellee placed before the court the issues of reasonable excuse on the part of appellant and undue hardship to the city.[4] Since we believe that a dismissal of an action for failure to comply with the Act is inextricably coupled with a determination

---

3.  Act of August 14, 1963, P.L. 984, 66 P.S. § 2036, which provides for notice of claim within six months in order to maintain suit against a municipal authority.

4.  While these are factors the existence of which is to be determined by the trial judge, we would point out that a layman complainant's ignorance of the notice requirement is a "reasonable excuse." *Yurechko v. County of Allegheny,* supra. That in fact is the reason appellant gives for his noncompliance.

of whether noncompliance was excusable, and whether hardship or prejudice resulted therefrom, the trial judge's dismissal of appellant's complaint, without consideration of these matters, was a mechanical application of the Act of 1937 and as such was improper.

Order reversed. Case remanded for further proceedings consistent with this opinion.