**Korte v. Marcella**

*Roger M. Simon*, for plaintiffs.
*Jerry R. Duffie*, for defendant borough.
*Robert C. Derrick*, for defendant Marcella.

SHEELY, *J.*, August 29, 1979—


## I. HISTORY

This action was commenced on August 30, 1978, when plaintiffs filed a complaint alleging damages suffered through the negligence of defendant Borough of Wormleysburg in failing to determine whether plaintiffs' residence was receiving sewer service. The complaint also asserts what appears to be a cause of action in conversion for sewer rents collected by the borough over the years. In addition, the complaint alleges negligence on the part of defendant Laura Marcella, from whom plaintiffs purchased their residence, for alleged misrepresentations concerning the home's connection with the public sewer.

The sewer system was constructed in 1964, and defendant Wormleysburg enacted two ordinances (no. 199 and no. 200) which, inter alia, required the owners of improved property to connect to the system. Thereafter, defendant Marcella, who was then the owner of plaintiffs' home, was subjected to regular charges for sewer service.

In September of 1974, plaintiffs purchased the residence from defendant Marcella, and continued the regular payments for the use of the sewer. The closing statement for the sale by Marcella to plaintiffs showed a proration of the sewer service charge.

In the summer of 1976, plaintiffs' investigation of a sewage back-up led to the discovery of a malfunc-

tioning septic tank. This was when plaintiffs first learned that their home was never connected to the sewer system. Plaintiffs notified the borough orally of the problem and confirmed the notice by a letter dated November 22, 1976. Connection to the public sewer was accomplished in May of 1978.

The parties not being able to work out a settlement, the complaint in this action was filed. On October 3, 1978, defendant Marcella filed her answer denying any responsibility to plaintiffs for the lack of sewer service, and in new matter asserting a cause of action against the borough for the sewer charges she paid while she was in possession of the property.

Defendant Borough of Wormleysburg filed its answer on November 27, 1978, in which it denied, both as to the plaintiffs' and defendant Marcella's causes of action, that it had any affirmative duty to inspect to insure that sewer connections were made, and that consequently it was not negligent. The borough also asserted, by way of new matter, affirmative defenses based upon the Act of May 21, 1943, P.L. 349, as amended, 72 P.S. §5566b (hereinafter referred to as Act of 1943), and the Act of July 1, 1937, P.L. 2547, 53 P.S. §5301 (hereinafter referred to as Act of 1937) (see now Judicial Code, 42 Pa.C.S.A. §5522(a)). On January 9, 1979, and January 10, 1979, plaintiffs and defendant Marcella filed replies to the borough's new matter, averring that said new matter was not determinative.

On April 2, 1979, defendant Borough of Wormleysburg filed requests for admissions on both defendant Marcella and plaintiffs. The requests asked that defendant Marcella and plaintiffs

acknowledge that the copies of ordinance numbers 199 and 200, attached to the requests, were true and correct copies of the ordinances. The requests also sought to establish that the earliest written notices to the borough with regard to any cause of action were a November 22, 1976, letter from plaintiffs' representative, and a December 13, 1976, letter from defendant Marcella's representative. Since no answers to the admissions were ever filed, the matters are deemed admitted under Pa.R.C.P. 4014(b).

On May 24, 1979, defendant Borough of Wormleysburg filed a motion for summary judgment. It is this motion that is the subject of this opinion.

## II. DISCUSSION

Pa.R.C.P. 1035 provides that "[a]fter the pleadings are closed . . . any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any." The rule states that the motion can be granted only when the court finds that no genuine issue of fact exists, and that the moving party is entitled to judgment as a matter of law. The court is required to accept as true all the well-pleaded facts in the non-moving parties' pleadings, and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment: Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 280 A. 2d 570 (1971); Dowlin v. Coatesville Area School District, 22 Pa. Commonwealth Ct. 433, 350 A. 2d 190 (1975).

Defendant borough asserts three bases for granting its motion for summary judgment:

First, the borough alleges that the Act of 1943, 72 P.S. §5566b, bars both plaintiffs' and defendant Marcella's claims for moneys paid to the borough for sewer service. We disagree. This act provides that no refunds of moneys paid to a municipality, to which it is not legally entitled, shall be made unless a written claim therefor is filed within two years of payment thereof. However, this act is part of the Local Tax Collection Law, and is concerned with refunds of taxes, license fees, and other similar moneys. Payments for sewer service cannot be classified as a tax or similar charge; they are simply payments for a service rendered. Thus, the claims are not barred by this act. See Consolidated Dressed Beef Co. v. City of Philadelphia, 79 D. & C. 113 (1951).

Second, the borough alleges that the Act of 1937, 53 P.S. §5301, bars both plaintiffs' and defendant Marcella's claims for damages resulting from the alleged negligent acts or omissions of the borough. This act provides that anyone claiming damages from a municipality arising from its negligence must "within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence," file a written notice of such claim with the municipality. The borough claims that since its alleged negligence of failure to inspect to insure that a connection to the sewer had been made occurred in 1964, the six-month period had long passed before the borough received plaintiffs' and defendant Marcella's written notices in 1976. Again, we disagree. The six-month period of this act begins to run when the cause of action "ac-

crues," which in this case was not until the summer of 1976, when the plaintiffs and defendant Marcella first learned that a connection was never made. See City of Philadelphia v. Lieberman, 112 F. 2d 424 (3d Cir. 1940). Plaintiffs' and defendant Marcella's letters of 1976, referred to above, were within six months of such discovery and thus met the requirements of the Act of 1937. Furthermore, even if the act had been violated, it is at least questionable whether that alone would be sufficient to bar the claims. See Landis v. City of Philadelphia, 245 Pa. Superior Ct. 514, 369 A. 2d 746 (1976).

Third, the borough asserts that, as a matter of law, ordinances 199 and 200 impose no duty upon the borough to determine whether a sewer connection had been made.

Plaintiffs and defendant Marcella contend that ordinance 199 places a duty on the borough to insure that a connection of improved property to the sewer system is made. Plaintiffs at page four of their brief state the following:

"Section 4.02 of Ordinance 199 places an affirmative duty upon the Borough to inspect *after connection to the sewer system*. This provision reads as follows: '*Section 4.02.* No Building Sewer shall be covered until it has been inspected and approved by this Borough. If any part of the Building Sewer is covered before so being inspected and approved, it shall be uncovered for inspection at the cost and expense of the Owner of the Improved Property to be connected to a Sewer.'" (Emphasis supplied.)

We agree that the borough had a duty to inspect *after the connection was made*. However, it had no duty to insure that a connection was in fact made.

This duty falls squarely on the shoulders of the property owner under sections 2.01 and 2.04 of ordinance 199:

"*Section 2.01.* The Owner of any Improved Property abutting on or adjoining any street in which there is a Sewer *shall connect* such property with such Sewer . . .

"*Section 2.04.* No privy vault, cess pool, sinkhole, *septic tank* or similar receptacle shall be used or maintained upon any Improved Property . . . ; and it shall be unlawful for any Owner of Improved Property . . . to erect, construct, use or maintain any privy vault, . . . *Septic tank* or similar receptacle for disposition of Sanitary Sewage. . . ." (Emphasis supplied.)

Thus, it is clear that it was the property owner's duty to connect his property to the sewer system, and any duty to inspect on the borough's part arose only after it was notified that the connection had been made. Here, the connection was never made, so the borough breached no duty by not inspecting. It seems to be plaintiffs' and defendant Marcella's contention that by enacting the ordinances, the borough imposed a duty upon itself to proceed sua sponte if the ordinance was violated. A similar contention was recently made in this court in Wicks v. Monroe Township (No. 802 Civil 1974, filed August 3, 1979). President Judge Shughart's language therein is equally applicable here: "Counsel has cited no authority for this novel proposition and our research has revealed none. Such a rule would certainly seriously impede legislative action at all levels of government. We cannot adopt it." Id., at p. 6 of opinion filed August 3, 1979. Unquestionably, under the ordinances involved here as well as

under sections 2051 and 2052, 53 P.S. §§47051-47052, of The Borough Code of February 1, 1966, P.L. (1965) 1656, 53 P.S. §45101 et seq., the borough had the power to force the property owner to connect to the sewer system. But this does not mean that the borough was required to exercise that power.

Thus, defendant Borough of Wormleysburg being entitled to judgment on the negligence actions as a matter of law, the motion for summary judgment on those actions will be granted.

In addition, the borough contends that it was entitled, under section 2 of Ordinance 200, to charge a sewer rental not only for actual use of the sewer system, but for the availability of the system to those who were remiss in not making the connection. Therefore, the borough argues, plaintiffs and defendant Marcella are not entitled to a refund of the rental charges. However, after carefully examining this section, we are not convinced that it clearly gives the borough the power to charge simply for the availability of the system. In addition we note that no other authority giving boroughs such power has been cited. Thus, the motion for summary judgment on the refund claims will be denied.

## ORDER

And now, August 29, 1979, in accordance with the opinion filed this date, defendant Borough of Wormleysburg's motion for summary judgment on the negligence actions is granted. Judgment is hereby entered in favor of the borough and against plaintiffs and defendant Marcella on the negligence actions. The motion for summary judgment on the refund claims is denied.