## Lumadue v. Cumberland Valley School District

*Daniel K. Deardorff, Thomas J. Williams,* for plaintiffs.

*Jack M. Hartman,* for defendant Cumberland Valley School District.

*George F. Douglas, Jr.,* for defendants Weaver and Weeks.

HOFFER, J., August 8, 1983:—William Lumadue, Jr., minor plaintiff, brought this action in trespass to recover damages for injuries sustained when he was struck in the mouth by a golf ball that had been bounced off a wall by defendant Gary Weaver. At

the time, plaintiff was attending school and was playing on the property of defendant Cumberland Valley School District. Plaintiff alleges (1) negligence on the part of the school district in the care, custody and control of the district's real property, and (2) willful misconduct in that the district, although aware of the danger, permitted the activity to continue and disregarded or failed to warn of any danger. In response to this complaint, the school district filed preliminary objections in the nature of a demurrer which are now before us.

Among the objections raised, defendant contends that plaintiff's cause of action is barred for failure to comply with the relevant statutory notice requirements. The Act of October 5, 1980, as amended, 42 Pa.C.S. §5522(a), provides that, in any civil action against a government unit, notice of the potential claim must be given to the unit within six months from the date of injury. Failure to give such notice results in dismissal of the suit. The notice requirement is not to be applied as rigorously as a statute of limitations, however, and courts will not deny a claimant his day in court for failure to strictly comply with the statute when the claimant has a reasonable excuse and the government unit has suffered no undue hardship. Landis v. City of Philadelphia, 245 Pa. Super. 514, 369 A.2d 746 (1976). Thus, "[a]n allegation that a claimant has failed to meet the statutory requirement of notice must be set forth as an affirmative defense under new matter in an answer to the complaint." Yurechko v. County of Allegheny, 430 Pa. 325, 329, 243 A.2d 372, 375 (1968). Because defendant has improperly raised the statute and has given plaintiff no opportunity to show reasonable excuse, the objection cannot be sustained.

Defendant's other contentions essentially state that plaintiff has failed to state a cause of action under the Political Subdivision Tort Claims Act of October 5, 1980, as amended, 42 Pa.C.S. §8542. The relevant portion of that statute provides: "The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: (3) Real property. — The care, custody or control of real property in the possession of the local agency. . . ." Our courts have held consistently that this exception to governmental immunity is inapplicable to actions characterized as the supervision of schoolchildren. See Close v. Voorhees, 67 Pa. Commw. 205, 446 A.2d 728 (1982); Robson v. Penn Hills School District, 63 Pa. Commw. 250, 437 A.2d 1273 (1982); Wimbish v. School District of Penn Hills, 59 Pa. Commw. 620, 430 A.2d 710 (1981). Our reading of the complaint similarly leads us to the conclusion that the activity of which plaintiff complains is properly characterized as supervision of students. As such, the activity does not fit within the exception.

Plaintiff argues, however, that in each of the above cited cases the student's injury was a result of an isolated event of which the school had no prior notice. He therefore urges us to adopt the reasoning of Mistecka v. Commonwealth, 46 Pa. Commw. 267, 408 A.2d 159 (1979), which held that recurring incidents of rocks thrown from a bridge onto a state highway constituted a "condition" of Commonwealth real estate falling within a state immunity exception. That case, however, is inapposite here. As stated in Robson,

"Mistecka involved a different statute from the statute involved here. The pertinent provision involved in Mistecka dealt with the 'dangerous condition' of Commonwealth real estate, whereas the pro-

vision under consideration in the instant case relates to the care, custody and control of real property. Therefore, our prior construction of the term 'dangerous condition' is not dispositive of different language which confronts us in this case." 63 Pa. Commw. at 254, n. 3, 437 A.2d at 1275-76, n. 3.

We note moreover that §8542 distinguishes real property from trees, utility service facilities, streets and sidewalks. The term "dangerous condition" appears only in the sections specifically applicable to trees, utility facilities, streets and sidewalks. The term has no relevance to the care, custody or control of real property and courts consequently have given that provision a narrower statutory construction. We thus find that plaintiff's complaint, sounding in terms of negligent supervision, does not state a cause of action against defendant.

Plaintiff also alleges that his injury was caused by the wilful misconduct of defendant. We can find no merit in this contention. The complaint makes absolutely no showing of wilful misconduct nor demonstrates that any of defendant's employees wanted plaintiff to suffer harm. We therefore find that plaintiff has stated no cause of action in wilful misconduct.

Finally, we must note that the pleadings do not state clearly why and how the school district is responsible for plaintiff's injury. Specifically, the pleadings do not explain adequately what happened or how the injury occurred vis-a-vis the school district and its employees. Nevertheless, those facts that have been presented demonstrate that the incident does not fall within one of the immunity exceptions.

## ORDER OF COURT

And now August 8, 1983, for the reasons appearing in the opinion filed this date, defendant's preliminary objections (1) and (2) in the nature of a demurrer are hereby sustained. Defendants' preliminary objection (3) is hereby denied. Plaintiff is given 20 days to file an amended complaint.