**Barbara Reeves THOMAS, Administratrix of the Estate of Michael Thomas, Deceased and in her own right**

v.

**CITY OF PHILADELPHIA and Police Officer Andre Boyer, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Nov. 2, 2004.

Decided Nov. 22, 2004.

Alan C. Ostrow, Philadelphia, for appellant.

Armando A. Pandola, Jr., Philadelphia, for appellee.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.

The City of Philadelphia (City) and Police Officer Andre Boyer (Officer Boyer) (collectively, the City) appeal from an order of the Court of Common Pleas First Judicial District of Pennsylvania (trial court) denying their motion for summary judgment in response to a claim for damages against the City filed by Barbara Reeves Thomas, Administratrix of the Estate of Michael Thomas, deceased, and in her own right (collectively, Estate).

On January 13, 2001, a car driven by James Parker (Parker)[1] collided with a car driven by Michael Thomas in which Gilda Thomas (unrelated) and Donald Thomas (also unrelated) were passengers. Michael Thomas died in the accident, and both Donald Thomas and Gilda Thomas were seriously injured. Officer Boyer had attempted earlier to stop Parker for reckless driving, but had abandoned the attempt due to the high speed at which Parker was driving.

On January 18, 2001, one of the passengers, Gilda Thomas, filed a writ of summons against the City. After a complaint alleging negligence and a violation of her civil rights was filed, the case was removed to the United States District Court. After the City's motion for the dismissal of the civil rights claim was denied, on May 29, 2002, the City settled the suit for $500,000.

On January 10, 2003, the Estate filed a complaint against the City and Officer Boyer alleging negligence in Officer Boyer's pursuit that fell within the motor vehicle exception to immunity in the Judicial Code, 42 Pa.C.S. § 8542(b)(1).[2] The Estate had not previously given notice to the City of its claim until October 12, 2002, more than 22 months after the accident. After the close of discovery, the City filed a motion for summary judgment, arguing that the Estate failed to give notice to the City of any injury or accrual of a cause of action against the City within six months of the accident as required by 42 Pa.C.S. § 5522(a)(1),[3] and that the Gilda Thomas settlement exhausted the statutory cap on damages as set forth in the Judicial Code, 42 Pa.C.S. § 8553(a) and (b),[4] making it

---

**1.** Apparently, James Parker was also known as James Allen. For consistency, we will follow the trial court's use of the name James Parker.

**2.** That section provides:
(b) ACTS WHICH MAY IMPOSE LIABILITY.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
(1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer or knowingly aided a group, one or more of whose members were in flight or fleeing apprehension or resisting arrest by a police officer. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.
42 Pa.C.S. § 8542(b)(1).

**3.** That section provides:
5522. Six months limitation
(a) NOTICE PREREQUISITE TO ACTION AGAINST GOVERNMENT UNIT.—

(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit ... setting forth:
(i) The name and residence address of the person to whom the cause of action has accrued.
(ii) The name and residence address of the person injured.
(iii) The date and hour of the accident.
(iv) The approximate location where the accident occurred.
(v) The name and residence or office address of any attending physician.
42 Pa.C.S. § 5522(a)(1).

**4.** Those sections provide:
§ 8553. Limitations on damages
(a) GENERAL RULE.—Actions for which damages are limited by reference to this subchapter shall be limited as set forth in this section.
(b) AMOUNTS RECOVERABLE.—Damages arising from the same cause of action

impossible for the Estate to recover any damages.

The trial court denied the City's preliminary objections. First, it held that because the City had actual notice of the accident and the injuries because Gilda Thomas had brought suit within days of the actual accident, the exception to notice set forth in 42 Pa.C.S. § 5522(a)(3)(iii) applied.[5] In addition, the trial court noted that the Estate's failure to comply with the six-month notice rule was excused because, according to 42 Pa.C.S. § 5522(a)(2),[6] it presented evidence that at the time of the accident, Barbara Reeves Thomas was a New Jersey resident and was unaware of the six-month notice requirement and believed that a civil suit could not be brought until after the criminal prosecution of James Parker. The trial court concluded that this evidence showed a reasonable excuse for her failure to file such a statement.

As to whether the City's settlement with Gilda Thomas exhausted the statutory cap, the trial court found that at the time of the settlement, the City took into consideration the fact that Gilda Thomas had an arguable civil rights claim pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. Because it found the statutory cap did not apply to the federal claims, it held that it could not conclude that the $500,000 cap had been expended to settle the state tort claim. The trial court denied the City's motion for summary judgment but certified the case for appeal pursuant to 42 Pa.C.S. § 702(b). Upon petition, we allowed the appeal.[7]

■ On appeal, the City again argues that it was prejudiced because the Estate did not give notice of its claim within six months of the date of the accident because it settled the Gilda Thomas federal action without knowledge of her claim. Notice is required to be given to a government unit within six months from the date the injury was accrued, and if not given, any civil action commenced against the government unit more than six months after the date of the injury shall be dismissed and forever

---

or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $500,000 in the aggregate.
42 Pa.C.S. § 8553(a) and (b).

5.  42 Pa.C.S. § 5522(a)(3)(iii) provides:
> (3) In the case of a civil action or proceeding against a government unit other than the Commonwealth government:
> * * *
> (iii) Failure to comply with this subsection shall not be a bar if the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person.

6.  That section provides:
> (2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any

such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. *The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.* 42 Pa.C.S. § 5522(a)(2). (Emphasis added.)

7.  Our scope of review of a trial court's order granting or denying summary judgment is plenary. *Jones v. Southeastern Pennsylvania Transportation Authority*, 565 Pa. 211, 772 A.2d 435 (2001). The trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. *Id.* Summary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law. *Skipworth by Williams v. Lead Industries Association*, 547 Pa. 224, 690 A.2d 169 (1997).

barred. However, while the general rule sets forth a bright line, broad exceptions exist that prevent the dismissal of any action due to lack of notice. 42 Pa.C.S. § 5522(a). One exception to the six-month notice requirement is where the plaintiff can show a reasonable excuse for failure to comply with the notice requirement. 42 Pa.C.S. § 5522(a)(2).[8] Included as a reasonable excuse for failing to file the prescribed notice due to ignorance of and inability to understand where there is no prejudice to the governmental unit as a result. *Ramon by Ramon v. Dept. of Transportation*, 124 Pa.Cmwlth. 416, 556 A.2d 919 (1989), *affirmed*, 524 Pa. 464, 573 A.2d 1025 (1990). *Leedom v. Dept. of Transportation*, 699 A.2d 815 (Pa.Cmwlth. 1997). Another is where the governmental unit had actual or constructive notice of the incident or condition giving rise to the claim. 42 Pa.C.S. § 5522(a)(3).

■ The City does not contend that it had actual notice or even that the Estate did not have a reasonable basis for not filing the notice, but that it was prejudiced because it had already settled one action for the statutory cap, and it would not have done so if it had known that another action was going to be filed. However, neither of the exceptions envisions that the payment of the cap is the type of prejudice that would vitiate that exception; all that these exceptions require is a reasonable excuse and/or actual or constructive notice of the incident. Because the trial court found that both of those requirements had been met, it did not abuse its discretion in finding that lack of a written six-month notice did not bar the Estate's action.

■ If the Estate's failure to give six-month notice is excused, the City then argues that the trial court erred by finding that the City paid any part of the Gilda Thomas settlement to dismiss her federal civil rights claim because the City offered and Gilda Thomas accepted the $500,000 to settle the state claims only. Answering that question involves an examination of what actually was settled. The City filed a motion to dismiss Gilda Thomas' complaint claiming that she did not have a valid civil rights claim based on the facts regarding the police pursuit. The Honorable Bruce Kaufmann of the United States District Court for the Eastern District of Pennsylvania denied this motion in part, however, stating: "In the instant case, Plaintiff has alleged facts sufficient to sustain her claim against the City under § 1983." So at the time of the settlement, there was still a viable federal civil rights claim. Moreover, the general release form signed by Gilda Thomas on June 14, 2002, reveals that for the sum of $500,000, Gilda Thomas released the City from all claims, not just state claims.[9]

**8.** "[42 Pa.C.S.] § 5522 is not strictly a statute of limitations which bars the right to bring the action, but rather provides an affirmative defense to recovery." *Landis v. City of Philadelphia*, 245 Pa.Super. 514, 369 A.2d 746, 749 (1976) (interpreting the Act of 1937). This issue must first be raised by the governmental defendant as an affirmative defense in its answer and new matter. Once the defense is properly raised, a plaintiff may set forth the reasons for his delay under Pa.C.S. § 5522(a)(2). Having done so, the burden shifts to the defendant to aver specific facts alleged to constitute prejudice. *Bissey v. Department of Transportation*, 149 Pa.Cmwlth.

37, 613 A.2d 37 (1992). The trial court then determines whether a reasonable excuse has been shown. *Landis*, 369 A.2d at 749, n. 4. What constitutes reasonable excuse involves a balancing of the reason for the delay against the prejudice to the defendant and is left largely within the discretion of the trial court. *Bissey*, 613 A.2d at 41. Our scope of review of a determination that a reasonable excuse exists under 42 Pa.C.S. § 5222(a)(2) is an abuse of discretion or an error of law. *Id.*

**9.** The City was released from:
   *[A]ll actual and/or potential liability accrued and hereafter to accrue on account of*

While it is clear that Gilda Thomas signed a general release, the City argues that the underlying facts establish that the City offered and Gilda Thomas accepted the $500,000 to settle the state claims only. It cites to its *own* Recommendation of Settlement form created in preparation of settlement in which it was written:

Plaintiff has brought a claim against the City of Philadelphia for the negligent operation of the police vehicle. Plaintiff agreed to withdraw her civil rights claim. Thus, this case is being brought under state law only.

(Reproduced Record at 124a.) The form also stated:

[t]he parties went before chief Judge Giles on May 29, 2002. After several hours of mediation, the Court convinced the plaintiff that the civil rights action was difficult. As a result, the plaintiff agreed to proceed with her cause of action under state law thereby abandoning her civil rights claims. Judge Giles believed that it was in the best interest of the City of Philadelphia to settle this matter for the state law statutory cap of $500,000.00 due to the plaintiff's significant injuries.

(Reproduced Record at 126a.) Even assuming that evidence of an internal settlement document would contravene the general release, contravening the City version

*and from all, and all manner of, actions and causes of action, claims and demands whatsoever, either in law or equity,* especially a claim for injuries and/or damages sustained on or about January 13, 2001, in the vicinity of Diamond Street at 29th Street, Philadelphia, PA, which against the said City of Philadelphia, its agents, servants, workers or employees, ever had, I, Gilda Thomas now have, or which my heirs, executors, administrators or assigns, or any of them, hereafter can, shall or may have, for, or by reason of any cause, matter or thing whatsoever arising from the above accident or incident.

is the testimony of Margaret Koral, Esquire, counsel for Gilda Thomas, who testified that when the settlement conference was held concerning the Gilda Thomas case, "There was never anything filed with the Court to withdraw [the civil rights] claims; everything was settled." [10]

Because "everything was settled," including the federal civil rights claims that were still viable at the time of the settlement, the trial court did not abuse its discretion in finding that the Gilda Thomas settlement was based, at least in part, on the federal civil rights claims. Because it is not possible to conclude that the $500,000 cap has been reached on her state tort claim or in any way to apportion what was settled to either claim, the trial court properly denied the City's motion for summary judgment. Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 22nd day of November, 2004, the May, 28, 2004 order of the Court of Common Pleas First Judicial District of Pennsylvania is hereby affirmed.

(Reproduced Record at 25a.) (Emphasis added.)

10. The City also argues that in a potential multi-claim accident, settlement of one claim cannot constitute a waiver of the statutory cap on damages on all claims arising out of the same accident. It emphasizes that the law does not require it to conserve its statutory cap on damages for the benefit of possible future claimants before settling existing claims. However, because we held that the $500,000 paid to Gilda Thomas in accordance with the settlement was not paid solely for her state claims, we need not address this final argument on appeal.