John L. CONSTANTINO, Appellant

v.

**CARBON COUNTY TAX CLAIM BUREAU and Statewide Investments, Ltd.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 23, 2005.

Decided Jan. 9, 2006.

Publication Ordered March 23, 2006.

David W. Skutnik, Brodheadsville, for appellant.

Daniel A. Miscavige, Hazleton, for appellee, Carbon County Tax Claim Bureau.

Anthony Roberti, Jim Thorpe, for appellee, Statewide Investments, Ltd.

BEFORE: PELLEGRINI, Judge, COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge COHN JUBELIRER.

Appellant John L. Constantino (Owner) challenged a judicial sale of property that had belonged to him, claiming he did not receive adequate notices under the Real Estate Tax Sale Law (Tax Sale Law)[1] of both the tax upset sale and the subsequent judicial sale. Owner appeals the trial court's determination that his challenge was time-barred by the six-month statute of limitations applicable to challenges to judicial sales because he failed to bring the challenge within six months after having actual knowledge of the sale. For the reasons that follow, we affirm.

Owner failed to pay his 2001 real estate taxes for a parcel of developed property located in Penn Forest Township, Carbon County, Pennsylvania. As a result, the subject property was exposed to a tax upset sale but received no bids. Subsequently, the property was listed for a judicial sale scheduled for November 14, 2003, at which time it was acquired by Statewide Investments, Ltd. (Purchaser). On March 23, 2004, Owner's counsel sent a letter to Purchaser informing it that "[a]t this time I will be filing an action to set aside the tax sale" because he had "never been advised of the aforesaid sale." (Letter of David A. Martino, Esq., to Purchaser 3/23/2004 (Letter).)

It was not until November 12, 2004, approximately eight and one-half months after sending the Letter, that Owner filed a Petition to Set Aside the Judicial Sale (Petition). In the Petition, Owner noted that he resided in Niagara Falls, New York. He argued that the sale was not conducted in accordance with the requirements of the Tax Sale Law because he had not received notice of either the tax upset sale or the judicial sale, and because the Carbon County Tax Claim Bureau (Bureau) failed to undertake additional notification efforts.[2]

---

1. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

2. Owner also raises the following arguments:

a. [Owner] has never resided at 805 Juniper Lane, Albrightsville, Carbon County, Pennsylvania 18210.

Both the Bureau and Purchaser answered the Petition. Purchaser asserted, as an affirmative defense in its Answer and New Matter, that the Petition was barred by the six-month statute of limitations which is found in Section 5522(b)(5) of the Judicial Code, 42 Pa.C.S. § 5522(b)(5), and "defined" by *Murphy v. Monroe County Tax Claim Bureau,* 784 A.2d 878 (Pa.Cmwlth.2001). Purchaser then filed a Motion for Summary Judgment (Motion), arguing that the six-month statute of limitations for challenges to judicial sales precluded Owner's challenge. In response to the Motion, Owner argued that:

2. Service was never made on the [Owner] of the tax sale as is required. Thus the listing of the property in question was improper.

3. The order issued by this Honorable Court to list [Owner's] property for judicial sale was improper since the [Owner] had not been given proper notice of the fact that his property was being listed for tax sale.

. . .

8. Since there was no proper notice given to the [Owner] and his lender the court erred in listing the property for judicial sale.

9. Since the judicial sale was illegal and improper the six month statute of limitations does not apply in this matter.

b. The only prior notices to [Owner] by the Tax Claim Bureau were for the 2001 upset sales[sic], which were notices by certified mail addressed to [Owner] and signed by a former tenant of [Owner's].

c. [Owner] never had an address of P.O. Box 997, Albrightsville, Pennsylvania 18229.

(Pet. at 2.) From the Petition and from Owner's Brief before this Court, it is unclear what these addresses have to do with the litigation. Owner does not provide a specific address for the property itself but, instead, provides the

(Owner's Response (Response) to Purchaser's Motion at 2.)

The trial court granted Purchaser's Motion, reasoning that, even if notices of the sales were defective, it could be inferred that Owner had actual notice of the sale as of the date of the Letter. Therefore, even if the running of the statute of limitations was tolled until the date of the Letter, Owner still failed to bring this claim within six months of that date. Owner appeals from this decision.

Preliminarily, we set forth our standard of review and the applicable law. In reviewing a summary judgment motion, a court views the record in the light most favorable to the non-moving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. *Fine v. Checcio,* 582 Pa. 253, 265, 870 A.2d 850, 857 (2005). "An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion." *Id.* at 265 n. 3, 870 A.2d at 857 n. 3.

 "Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action." *Id.* at 266, 870 A.2d at 857. A cause of action accrues as soon as the right to institute and maintain the suit arises. *Id.* The discovery rule is an exception to the statute which

deed description. From the deed description, it is unclear if any of these addresses are the property itself. It is also not clear if the "prior notices" referenced in paragraph (b) were sent to either of the addresses listed in paragraphs a and c, or to some other address. What is clear is that no notices were sent to Owner's New York address. Our review of the record shows that the Letter identifies the property at issue as being "805 Juniper Lane, Albrightsville, PA." (Letter at 1.) Regardless, for the reasons discussed below, the exact nature of these claims is not relevant.

provides that "the statute is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct." *Id.* at 268, 870 A.2d at 859.

■ The statute of limitations relied on by the trial court provides that "[t]he following actions and proceedings must be commenced within six months: [a]n action or proceeding to set aside a judicial sale of property." 42 Pa.C.S. § 5522(b)(5). This Court has noted that, while this statute of limitations does not apply to upset tax sales, it does apply to judicial sales. *Murphy.* Thus, as Owner is seeking to set aside a judicial sale, the statute of limitations found in Section 5522(b)(5) is applicable here.

In his arguments before this court, Owner offers sparse legal authority to support his position that the statute of limitations is not applicable. He argues only that 42 Pa.C.S. § 5522 "was established to protect the government, and not a purchaser of property at a judicial sale...." (Owner's Br. at 9–10.) He further cites to *Landis v. City of Phila.*, 245 Pa.Super. 514, 369 A.2d 746 (1976) and *Yurechko v. Allegheny County*, 430 Pa. 325, 243 A.2d 372 (1968), for the proposition that "[t]he purpose of this section is for the most part to allow a government unit the opportunity to conduct its[ ] own investigation into the incident." (Owner's Br. at 10.)

From our review of these cases, neither *Landis* nor *Yurechko* supports Owner's contention that the statute of limitations can only be raised by the government. Neither case involved application of the statute of limitations. Both involve a portion of Section 5522 that requires a party bringing a personal injury negligence claim against a governmental unit to provide notice to that unit within six months from the date of injury of that party's

intent to bring such a claim. In relying solely on these cases to challenge the statute of limitations argument, which we find inapplicable, Owner presents this Court with no other authority as to why the claim is not barred by the statute of limitations.

■ Although Owner raises no other arguments as to the statute of limitations, Owner does raise before this Court what is essentially an equity argument that he should be allowed to bring his challenge *nunc pro tunc* because the Bureau was negligent in failing to provide him with notice of both the tax sale and judicial sale. In support of his argument, Owner cites to *Hanoverian v. Lehigh County Bd. of Assessment*, 701 A.2d 288 (Pa.Cmwlth.1997). As part of this argument, Owner cites to, but does not discuss, the due process provisions of the Pennsylvania and United States Constitutions, and argues that, "[b]ecause of the unique nature of this case, namely the taking of one's property, the lower court should have" conducted a hearing to determine if the Bureau's actions were in compliance with the law. (Owner's Br. at 12.) Purchaser points out that Owner had not raised this argument before the trial court.

We agree with Purchaser that Owner's equity argument was waived by his failure to raise it below. As a general rule provided by the Pennsylvania Rules of Appellate Procedure, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. No. 302(a). Neither in his Petition, nor in his Response, did Owner argue that he should be afforded an opportunity to challenge the sale *nunc pro tunc* based on the alleged negligence of the Bureau. Accordingly, the issue is waived.

Alternatively, even if this issue is not waived, Owner's argument is not supported by the precedent upon which he

relies. The *Hanoverian* case did not involve a party seeking an extension of the statute of limitations. Rather, the case involved a taxpayer petitioning to file a property assessment appeal, *nunc pro tunc*, after the deadline imposed by the "Local Taxation Assessment Act"[3] for such an appeal had passed; the petition was not granted by the Court. Accordingly, we find the *Hanoverian* case to be distinguishable from the within case. In the absence of clear authority authorizing or requiring us to do so, we reject Owner's argument that he be allowed to defeat the statute of limitations by filing this challenge *nunc pro tunc*.

■ We are mindful of the due process provisions cited by Owner and are also mindful that the "the purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes." *Tracy v. Chester County, Tax Claim Bureau,* 507 Pa. 288, 297, 489 A.2d 1334, 1339 (1985) (quoting *Hess v. Westerwick,* 366 Pa. 90, 98, 76 A.2d 745, 748 (1950)); *see also Rivera v. Carbon County Tax Claim Bureau,* 857 A.2d 208 (Pa.Cmwlth.2004), *pet. for allowance of appeal denied,* 583 Pa. 692, 878 A.2d 866 (2005). Our Pennsylvania Supreme Court has repeatedly emphasized that the sale of property to fulfill a tax obligation is an extreme remedy, and has cautioned against allowing such property deprivations for mere oversights or errors to pay taxes. *Tracy; Hess.* Thus, while the courts cannot turn a blind eye to individuals failing in their legal obligation to pay property taxes, the courts must carefully scrutinize the sales of their property.

■ Viewing all material facts in support of the non-moving party, as we are required to do, we find no error in the trial court's decision. Even assuming Owner

received no notice prior to either the upset tax sale or the judicial sale, it is reasonable to conclude that he was aware of the sale at the time his attorney wrote and mailed the Letter to Purchaser. Owner was aware that he needed to challenge the sale, and in the Letter he indicated his intent to proceed with such a challenge. Tolling the running of the statute of limitations until the date of the Letter afforded Owner ample time to raise any notice and due process challenges he may have had. Inexplicably, he waited eight and one-half months from this date to do so. His failure to raise any challenge within this statutorily prescribed six-month period necessarily time-bars his challenge. We find no error in the trial court's decision.

For these reasons, we deny Owner's appeal and affirm the trial court's order.

### *ORDER*

**NOW,** January 9, 2006, the Order of the Court of Common Pleas of Carbon County in the above-captioned matter is hereby affirmed.

---

**3.** Act of June 26, 1931, P.L. 1379, *as amended.*