# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Kuzowsky,                          :
                    Petitioner           :
                                         :
          v.                             :    No. 580 C.D. 2019
                                         :    Submitted: March 24, 2020
Commonwealth of Pennsylvania             :
Commission on Crime and                  :
Delinquency Victims Compensation         :
Assistance Program,                      :
                    Respondent           :


**BEFORE:   HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE MICHAEL H. WOJCIK, Judge (P.)**
**HONORABLE CHRISTINE FIZZANO CANNON, Judge**


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  May 8, 2020**


James Kuzowsky (Kuzowsky) petitions for review of a determination of the Pennsylvania Commission on Crime and Delinquency (Commission), Victims Compensation Assistance Program (VCAP), dated April 17, 2019.  The Commission denied Kuzowsky's claim for compensation (Claim) under the Crime Victims Act (Act)[1] as untimely.  For the reasons set forth below, we affirm the Commission's determination.

On September 18, 2017, Kuzowsky, a police officer who worked for the Philadelphia Police Department's (Police Department) Highway Patrol Unit, filed

---
[1] Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. §§ 11.101-.5102.

his Claim with the Commission, seeking compensation for certain out-of-pocket expenses that he incurred as the victim of a motor vehicle accident involving a driver who was charged with driving under the influence. (Reproduced Record (R.R.) at 177a-81a.) In his Claim, Kuzowsky alleged that, on August 20, 2015, while on duty for the Police Department, he was sitting in the passenger seat of a police vehicle, legally parked on the side of the road, when another vehicle struck the police vehicle from behind, causing him to sustain various injuries. (*Id.* at 177a.) By letter dated October 5, 2017, the Commission denied Kuzowsky's Claim as untimely because it was not "filed within two years of the date of the crime." (*Id.* at 186a.) Kuzowsky requested reconsideration of the Commission's denial, alleging, *inter alia*, that he was unaware of the existence of the availability of crime victims' compensation until September 2017, when an individual from the Police Department's Safety Office advised him that he could apply for compensation. (*Id.* at 188a-89a.) By letter dated November 20, 2017, the Commission denied Kuzowsky's request for reconsideration. (*Id.* at 191a.)

Thereafter, on December 14, 2017, Kuzowsky requested a hearing, alleging that the Police Department failed to provide him with the mandated notice required by Section 212 of the Act.[2] (*Id.* at 193a.) The Commission appointed a Hearing Officer, who conducted an administrative hearing on July 12, 2018. In support of his challenge to the Commission's denial of his Claim, Kuzowsky testified on his own behalf and offered the testimony of Officer Miguel Torres, the Victims'

---

[2] 18 P.S. § 11.212. Section 212(b)(1) of the Act provides:

> Law enforcement agencies shall within 48 hours of reporting give notice to the direct victim or, if appropriate, a member of the direct victim's family of the availability of crime victims' compensation. The notice required under this subsection shall be in writing and in a manner and form developed by the Office of Victims' Services.

Assistance Officer for the Police Department's 24th District (Officer Torres), Captain John Fleming, Commanding Officer for the Police Department's Highway Patrol Unit, and Tami Levin, the former Director of the Victim Witness Services Unit for the Philadelphia District Attorney's Office. In opposition to Kuzowsky's challenge and in support of its denial of Kuzowsky's Claim, the Commission offered the testimony of Stacie Brendlinger, a former VCAP Claims Processing Coordinator. Following the hearing, the Hearing Officer issued a Proposed Adjudication and Order, recommending that the Commission's decision to deny Kuzowsky's Claim be affirmed. In support of his recommendation, the Hearing Officer issued the following relevant findings of fact, which the parties do not appear to dispute:

> 1. [Kuzowsky] was a police officer with the . . . Police Department['s] . . . Highway Patrol Unit . . . for eleven . . . years as of August 20, 2015.
>
> . . . .
>
> 3. On or about August 20, 2015, [Kuzowsky's] patrol car was struck from behind as he was seated in the vehicle.
>
> 4. The driver of the vehicle which struck [Kuzowsky's] patrol car was arrested and prosecuted for Driving Under the Influence at the time of the accident.
>
> . . . .
>
> 8. [Kuzowsky] was not contacted by the Victim[s'] Assistance Officer . . . , or by the Philadelphia District Attorney's Office, Victim Witness Services Unit prior to meeting with the [Police] Department's Safety Office on or about September 13, 2017, to discuss the August 20, 2015 accident.
>
> . . . .
>
> 10. [Kuzowsky] believes he was first made aware of his ability to file a claim with the [Commission] on or about September 13, 2017, upon reporting to the [Police] Department's Safety Office that he was unable to return to full duty [work with the Police Department].

11. [Kuzowsky] does not recall having received training about the VCAP while he was enrolled at the Police Academy in approximately 2003.

. . . .

13. [Kuzowsky] contacted [Officer Torres] about the August 20, 2015 accident upon his return from the [Police] Department's Safety Office on or about September 13, 2017. Officer Torres, thereafter, delivered VCAP claim forms to [Kuzowsky].

14. [Kuzowsky] was required to attend annual training sessions during his employment with the [Police] Department.

15. Philadelphia police officers . . . received daily [training] sessions provided by instructors who distributed materials to the officers.

16. [Kuzowsky] testified that none of the training he received during his annual training or daily training sessions with the [Police] Department informed him about the VCAP.

17. Nobody from the [Police] Department contacted [Kuzowsky] about making a claim with the [Commission] between August 20, 2015, and the date upon which [Kuzowsky] contacted Officer Torres about the accident, on or about September 13, 2017.

. . . .

26. The . . . Police Department issued Directive 4.14 on or about June 20, 2014[,] which addressed victim/witness services and crime victims' compensation through the VCAP.

27. [Kuzowsky] testified that police officers do not review all Policy Directives "in the real world."

28. The [Police] Department's Policy Directives are available on the [Police] Department's website.

29. The [Police] Department's Policy Directives, including Directive 4.14, were distributed to all police officers in the [Police] Department by hard-copy and electronically. Officers are required to sign for the Directives to acknowledge their receipt thereof.

4

30. Directive 4.14 states, in pertinent part, "Police personnel are required by law to be familiar with the provisions of the [Act]."

(Hearing Officer's Proposed Adjudication and Order at 3-6 (record citations omitted).) Based on these findings, the Hearing Officer concluded that the Commission properly denied Kuzowsky's Claim as untimely. In so doing, the Hearing Officer reasoned:

The plain language of [Section 702(b)(1) of the Act[3]] clearly and unambiguously required [Kuzowsky] to file his [C]laim within two years of the August 20, 2015 accident. Notably, the Act and its applicable regulations provide specifically enumerated exceptions to prospective claimants' untimely submissions under certain limited circumstances. On their face[,] however, none of the time-related exceptions provided under the Act pertain to a prospective claimant's failure to timely file an initial claim.

. . . Because the authority of the [Commission] to award claims is defined exclusively by [the Act], and may not be based upon considerations beyond that authority, [Kuzowsky] has failed to demonstrate his right to relief as a matter of law.

Faced with his inability to submit a claim for benefits under the statutory provisions of [Section 702(b) of the Act], [Kuzowsky] alternatively seeks equitable relief based upon the . . . Police Department's failure to notify him of his ability to file a claim following the accident. . . .

. . . .

. . . [T]he record shows through a preponderance of the evidence that [Kuzowsky] was provided Policy Directive 4.14 within two years of the accident giving rise to his [C]laim. [Kuzowsky] alternatively argues that even if he had received Policy Directive 4.14, he should still be eligible for benefits based upon the [Police] Department's failure to provide him with the notice within the time

---

[3] 18 P.S. § 11.702(b)(1).

5

> required by [Section 212 of the Act.] Notwithstanding such an assertion, [Kuzowsky] has failed to convincingly argue or cite to any legal authority to support the notion that a failure by the . . . Police Department, in unto itself, can somehow usurp the clear statutory authority requirements of the Act so as to provide him the equitable relief he seeks, particularly in light of [Kuzowsky] having been notified of his ability to pursue benefits through the [Commission] during the ordinary course of his training.

(Hearing Officer's Proposed Adjudication and Order at 12-15 (footnote omitted).) On April 17, 2019, the Commission adopted the Hearing Officer's Proposed Adjudication and Order as its final determination in this matter. Kuzowsky then petitioned this Court for review.

On appeal,[4] Kuzowsky argues that the Commission committed an error of law by failing to conclude that the two-year statute of limitations set forth in Section 702(b)(1) of the Act was tolled by the "discovery rule." More specifically, Kuzowsky contends that, even with the exercise of reasonable diligence, he could not have known of his entitlement to crime victims' compensation until September 13, 2017, the date on which he was advised by the Police Department's Safety Office that he may be eligible for compensation under the Act, because the Police Department did not provide him with the written notice required by Section 212 of the Act. In response, the Commission argues that it properly denied Kuzowsky's Claim as untimely because Kuzowsky did not file his Claim within the two-year statute of limitations set forth in Section 702(b)(1) of the Act.

A claim for crime victims' compensation "must be filed not later than two years after the discovery of the occurrence of the crime upon which the claim is

---

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

based." Section 702(b)(1) of the Act. "The discovery rule is an exception to the statute [of limitations,] which provides that 'the statute is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct.'" *Constantino v. Carbon Cty. Tax Claim Bureau*, 895 A.2d 72, 74-75 (Pa. Cmwlth.) (quoting *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005)), *appeal denied*, 906 A.2d 544 (Pa. 2006). "[T]he salient point giving rise to [the] application [of the discovery rule] is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine*, 870 A.2d at 858. "The party invoking the discovery rule has the burden of proving that it applies." *Weik v. Estate of Brown*, 794 A.2d 907, 909 (Pa. Super.), *appeal denied*, 813 A.2d 844 (Pa. 2002).[5]

Here, we simply cannot conclude that Kuzowsky met his burden of establishing that the discovery rule applied to effectively toll the Act's two-year statute of limitations. First, Kuzowsky appears to confuse knowledge of the availability of crime victims' compensation with knowledge of the injury and its cause. The imperative knowledge for the application of the discovery rule is knowledge of the injury and its cause—in this case, knowledge that Kuzowsky's injuries were caused by another during the commission of a crime (driving under the influence)—not knowledge of the availability of crime victims' compensation. Thus, the date on which Kuzowsky learned of the availability of crime victims' compensation is irrelevant to our analysis. Second, even assuming, *arguendo*, that the imperative knowledge is the availability of crime victims' compensation,

---

[5] While we recognize that Pennsylvania Superior Court cases are not binding on this Court, such cases "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

7

Kuzowsky could not establish that he acted with reasonable diligence. Even though Kuzowsky testified that he did not recall receiving any information regarding the VCAP during the police academy or his daily or annual training, as a police officer with the Police Department, he should have known about the availability of crime victims' compensation. Policy Directive 4.14 specifically requires police officers to be familiar with the Act and the availability of crime victims' compensation. The Police Department provides all of its Policy Directives to its police officers. The police officers acknowledge their receipt of the Policy Directives in writing. The Policy Directives are available on the Police Department's website. Given that he is a police officer with the Police Department, Kuzowsky's contention that, even with the exercise of reasonable diligence, he could not have known about crime victims' compensation until September 13, 2017, is not genuine. As a result, we cannot conclude that Kuzowsky met his burden of establishing that the discovery rule applied to toll the Act's two-year statute of limitations.

Without citation to any applicable law, Kuzowsky suggests that the Police Department's failure to provide him with the written notice required by Section 212 of the Act should change our analysis. The General Assembly did not, however, set forth any consequences for a law enforcement agency's failure to comply with Section 212 of the Act. The General Assembly could have indicated that a law enforcement agency's failure to provide a victim with notice of the availability of crime victims' compensation tolls the Act's two-year statute of limitations. It did not so provide in the law. This Court will not create such a consequence, and, therefore, we must conclude that the Police Department's failure to provide Kuzowsky with written notice as required by Section 212 of the Act did not excuse Kuzowsky from the requirement that he file his Claim within the Act's

two-year statute of limitations.  *See Gordon v. Pa. Dep't of Corr.*, 16 A.3d 1173, 1177-78 (Pa. Cmwlth. 2010) (holding that sentencing court's failure to follow mandatory directives of Pennsylvania's sex offender law did not excuse sex offender from mandatory duty to comply with such law).

For all of these reasons, we cannot conclude that the Commission committed an error of law by failing to determine that the two-year statute of limitations set forth in Section 702(b)(1) of the Act was tolled by the discovery rule.  Accordingly, we affirm the Commission's determination.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

James Kuzowsky,                           :
                Petitioner     :
                               :
          v.                    :     No. 580 C.D. 2019
                               :
Commonwealth of Pennsylvania     :
Commission on Crime and           :
Delinquency Victims Compensation   :
Assistance Program,               :
               Respondent   :

# **O R D E R**

AND NOW, this 8th day of May, 2020, the determination of the Pennsylvania Commission on Crime and Delinquency, Victims Compensation Assistance Program, is hereby AFFIRMED.

 

<br>

                                                   
P. KEVIN BROBSON, Judge